**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., | ) | Case No. 24-10418 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-1095540 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NEEDLE HOLDINGS LLC, | ) | Case No. 24-10419 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-4503814 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JO-ANN STORES, LLC, | ) | Case No. 24-10420 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 34-0720629 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CREATIVE TECH SOLUTIONS LLC, | ) | Case No. 24-10421 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-1996734 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CREATIVEBUG, LLC, | ) | Case No. 24-10422 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1053208 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| WEAVEUP, INC., | Case No. 24-10423 (___) |
| Debtor. | |
| Tax I.D. No. 47-4135633 | |
| In re: | Chapter 11 |
| JAS AVIATION, LLC, | Case No. 24-10424 (___) |
| Debtor. | |
| Tax I.D. No. 46-2589570 | |
| In re: | Chapter 11 |
| JOANN.COM, LLC, | Case No. 24-10425 (___) |
| Debtor. | |
| Tax I.D. No. 95-4761594 | |
| In re: | Chapter 11 |
| JOANN DITTO HOLDINGS INC., | Case No. 24-10426 (___) |
| Debtor. | |
| Tax I.D. No. 86-3449652 | |
| In re: | Chapter 11 |
| JO-ANN STORES SUPPORT CENTER, INC., | Case No. 24-10427 (___) |
| Debtor. | |
| Tax I.D. No. 26-3855027 | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The debtors in possession in the above-captioned cases (collectively, the "***Debtors***") hereby move (this "***Motion***") and respectfully state as follows:

31441426.1

2

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Proposed Order*"), directing the joint administration of their above-captioned chapter 11 cases for procedural purposes only and granting related relief.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (the "*Court*") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Local Rule 1015-1.

**BACKGROUND**

5. On the date hereof (the "*Petition Date*"), the Debtors filed voluntary petitions in this Court commencing cases (the "*Chapter 11 Cases*") for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the

Bankruptcy Code. No trustee or examiner has been requested and no committee has been appointed in the Chapter 11 Cases.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Scott Sekella, Chief Financial Officer and Executive Vice President, in Support of Chapter 11 Petitions and First Day Motions*, filed contemporaneously herewith (the "**First Day Declaration**"), which is fully incorporated herein by reference.[1]

7. The Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing agreed restructuring and recapitalization transactions among the Debtors and their key stakeholders. Prior to the Petition Date, the Debtors entered into the Transaction Support Agreement, dated as of March 15, 2024 (as may be amended, modified or supplemented, the "**Transaction Support Agreement**") with (a) lenders that collectively hold over 80% of the outstanding principal amount of term loans under the Debtors' Term Loan Facility (the "**Consenting Term Loan Lenders**"), including those certain members of an ad hoc term lender group represented by Gibson, Dunn & Crutcher LLP (the "**Ad Hoc Group**"); (b) holders of over 66% of the existing equity interests in Debtor JOANN Inc. (the "**Consenting Stockholder Parties**,"[2] and collectively with the Consenting Term Loan Lenders, the "**Consenting Stakeholders**"); and (c) certain third-party financing parties that have executed joinders to the Transaction Support Agreement (the "**Additional Financing Parties**"). The holders of the outstanding principal amount of asset-backed loans under the Debtors' ABL

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[2] The Consenting Stockholder Parties are Green Equity Investors CF, L.P., Green Equity Investors Side CF, L.P., LGP Associates CF, LLC, and certain current or former members of the Parent board of directors.

31441426.1

4

Facility (the "**ABL Lenders**") and the holders of the outstanding principal amount of "first in last out" loans under the Debtors' FILO Facility (the "**FILO Lenders**") are not parties to the Transaction Support Agreement; however, all of the ABL Lenders and the FILO Lenders are parties to the ABL/FILO Exit Commitment Letters, pursuant to which, *inter alia*, the ABL Lenders and the FILO Lenders have agreed to provide the Exit ABL Loans and the Exit FILO Loans (respectively) as contemplated in the Plan, and have agreed to vote in favor of an Acceptable ABL/FILO Plan (as defined in the ABL/FILO Exit Commitment Letters), which includes the proposed Plan. In addition, the ABL Lenders and the FILO Lenders have consented to the Debtors' use of Cash Collateral during the Chapter 11 Cases in accordance with the proposed DIP/Cash Collateral Orders (as defined in the Plan).

8.     A prepackaged chapter 11 plan of reorganization reflecting the terms of the Transaction Support Agreement (as may be amended, modified or supplemented, the "**Plan**") will be filed contemporaneously herewith, along with (a) a corresponding disclosure statement (as may be amended, modified or supplemented, the "**Disclosure Statement**") and (b) a motion seeking, among other things, (i) conditional approval of the Disclosure Statement, (ii) approval of the solicitation and notice procedures, and (iii) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan. Prior to the Petition Date, the Debtors commenced solicitation of votes on the Plan from holders of Class 2 ABL Claims, Class 3 FILO Claims, and Class 4 Term Loan Claims (each as defined in the Plan), the only classes entitled to vote under the Plan. Votes with respect to the Plan are due on April 8, 2024. The Plan contemplates that all Allowed General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired, and brings in at least $132 million of new

liquidity for the Debtors. The Debtors seek to obtain confirmation of the Plan as quickly as the Court's schedule and requisite notice periods will permit.

## **JOINT ADMINISTRATION IS APPROPRIATE**

9.  The Debtors submit that the Chapter 11 Cases should be jointly administered for procedural purposes only. The Debtors that commenced the Chapter 11 Cases are "affiliates" as such term is defined in section 101(2) of the Bankruptcy Code.

10. Joint administration will ease the administrative burden on the Court and all parties in interest by, among other things, eliminating the need for duplicative pleadings, notices, and orders in each of the respective dockets and saving the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases.

11. Accordingly, the Debtors submit, as reflected in the Proposed Order, that joint administration is appropriate and request that all parties be authorized to utilize the following, simplified case caption (in satisfaction of the requirements set forth in section 342(c)(1) of the Bankruptcy Code) for pleadings and notices in the Chapter 11 Cases:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC., *et al.*, | ) Case No. 24-10418 (___) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC

31441426.1

6

(1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

## BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b)(4).

13. Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

14. Further, Local Rule 1015-1 provides that:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

Del. Bankr. L.R. 1015-1.

15. The Debtors are "affiliates" of each other as that term is defined in section 101(2)

of the Bankruptcy Code. Debtor JOANN Inc. directly or indirectly owns and controls the other Debtors. Specifically: (a) Debtor JOANN Inc. directly owns and controls one hundred percent (100%) of the outstanding voting securities of Debtor Needle Holdings LLC; (b) Debtor Needle Holdings LLC directly owns and controls one-hundred percent (100%) of the outstanding voting securities of Debtor Jo-Ann Stores, LLC; and (c) Debtor Jo-Ann Stores, LLC owns and controls one hundred percent (100%) of the remaining Debtors. Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

16. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative combination, and not substantive consolidation, of the Debtors' estates. Thus, the Debtors submit that joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all parties in interest.

17. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available, including on the restructuring website maintained by the Debtors that is free to access, and will be provided by the Debtors upon request. Therefore, the Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.[3]

---

[3] Bankruptcy Rule 1005 requires petition captions to include the name of the court, the title of the case (including the Debtor's name, employer identification number or other taxpayer identification number, and all other names used within eight years before filing the petition), and the docket number. Bankruptcy Rule 2002(n) requires that the caption on notices comply with Rule 1005.

31441426.1

18. For these reasons, the Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their respective estates and creditors, and should be granted in all respects.

**NOTICE**

19. Notice of the Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the DIP Agent; (c) counsel to the Ad Hoc Group; (d) counsel to the Term Loan Agent; (e) counsel to the Prepetition ABL Agent; (f) counsel to the FILO Term Loan Agent; (g) counsel to the Consenting Stockholder Parties; (h) each counsel to the Additional Financing Parties; (i) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (j) the United States Attorney for the District of Delaware; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; and (m) the state attorneys general for states in which the Debtors conduct business. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

20. A copy of the Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://cases.ra.kroll.com/JOANN.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: March 18, 2024

/s/ Shane M. Reil

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **LATHAM & WATKINS LLP** |
| Michael R. Nestor (No. 3526) | George A. Davis (*pro hac vice* pending) |
| Kara Hammond Coyle (No. 4410) | Alexandra M. Zablocki (*pro hac vice* pending) |
| Shane M. Reil (No. 6195) | 1271 Avenue of the Americas |
| Rebecca L. Lamb (No. 7223) | New York, NY 10020 |
| Rodney Square | Telephone: (212) 906-1200 |
| 1000 North King Street | Email: george.davis@lw.com |
| Wilmington, DE 19801 | alexandra.zablocki@lw.com |
| Telephone: (302) 571-6600 | |
| Email: mnestor@ycst.com | Ted A. Dillman (*pro hac vice* pending) |
| kcoyle@ycst.com | Nicholas J. Messana (*pro hac vice* pending) |
| sreil@ycst.com | 355 South Grand Avenue, Suite 100 |
| rlamb@ycst.com | Los Angeles, CA 90071 |
| | Telephone: (213) 485-1234 |
| | Email: ted.dillman@lw.com |
| | nicholas.messana@lw.com |
| | |
| | Ebba Gebisa (*pro hac vice* pending) |
| | 330 North Wabash Avenue, Suite 2800 |
| | Chicago, IL 27017 |
| | Telephone: (312) 876-7700 |
| | Email: ebba.gebisa@lw.com |

*Proposed Counsel for Debtors and Debtors-in-Possession*

# **EXHIBIT A**

**Proposed Order**

31441426.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| JOANN INC., | ) | Case No. 24-10418 (___) |
| Debtor. | ) | |
| Tax I.D. No. 46-1095540 | ) | |
| In re: | ) | Chapter 11 |
| NEEDLE HOLDINGS LLC, | ) | Case No. 24-10419 (___) |
| Debtor. | ) | |
| Tax I.D. No. 27-4503814 | ) | |
| In re: | ) | Chapter 11 |
| JO-ANN STORES, LLC, | ) | Case No. 24-10420 (___) |
| Debtor. | ) | |
| Tax I.D. No. 34-0720629 | ) | |
| In re: | ) | Chapter 11 |
| CREATIVE TECH SOLUTIONS LLC, | ) | Case No. 24-10421 (___) |
| Debtor. | ) | |
| Tax I.D. No. 82-1996734 | ) | |
| In re: | ) | Chapter 11 |
| CREATIVEBUG, LLC, | ) | Case No. 24-10422 (___) |
| Debtor. | ) | |
| Tax I.D. No. 47-1053208 | ) | |

31441426.1

| | |
|---|---|
| In re: | Chapter 11 |
| WEAVEUP, INC., | Case No. 24-10423 (___) |
| Debtor. | |
| Tax I.D. No. 47-4135633 | |
| In re: | Chapter 11 |
| JAS AVIATION, LLC, | Case No. 24-10424 (___) |
| Debtor. | |
| Tax I.D. No. 46-2589570 | |
| In re: | Chapter 11 |
| JOANN.COM, LLC, | Case No. 24-10425 (___) |
| Debtor. | |
| Tax I.D. No. 95-4761594 | |
| In re: | Chapter 11 |
| JOANN DITTO HOLDINGS INC., | Case No. 24-10426 (___) |
| Debtor. | |
| Tax I.D. No. 86-3449652 | |
| In re: | Chapter 11 |
| JO-ANN STORES SUPPORT CENTER, INC., | Case No. 24-10427 (___) |
| Debtor. | |
| Tax I.D. No. 26-3855027 | |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "*Motion*")[1] of the Debtors for an order (this "*Order*") directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only and granting certain related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and upon the First Day Declaration; and after due deliberation thereon; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 Cases of the Debtors are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-10418 (__).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

31441426.1

3

3. Nothing contained in the Motion or this Order is to be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases.

4. The caption of the jointly administered cases satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code, and shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| JOANN INC., *et al.*, | ) Case No. 24-10418 (___) |
| Debtors.[1] | ) (Jointly Administered) |

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

5. All pleadings and notices shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of JOANN Inc., Case No. 24-10418 (___).

6. The following docket entry shall be made in the Chapter 11 Cases of the Debtors, other than JOANN Inc.:

> An order has been entered in this case consolidating this case with the case of JOANN Inc. (Case No. 24-10418 (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 24-10418 (___) should be consulted for all matters affecting this case.

7. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

31441426.1

5

8. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

31441426.1

5