**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
: 
In re:                                                              :   Chapter 11
:
JOANN INC., *et al.*,                                       :   Case No. 24-10418 (CTG)
:
        Debtors.[1]                                          :   (Jointly Administered)
:
:   **Related Dkt. No.: 226**
:
:   **Objection Deadline: May 7, 2024 at 4:00 p.m. (ET)**
---------------------------------------------------------- x

## NOTICE OF FILING OF DECLARATION OF ORDINARY COURSE PROFESSIONAL WRIGHT, LINDSEY & JENNINGS LLP

     **PLEASE TAKE NOTICE** that, on April 12, 2024, the Court entered the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 226] (the "***OCP Order***").[2]  The OCP Order provides that each ordinary course professional shall file with the Court a Declaration prior to the receipt of payment of fees and reimbursement of expenses incurred for postpetition services rendered to the Debtors.

     **PLEASE TAKE FURTHER NOTICE** that, in accordance with the procedures set forth in the OCP Order, the Debtors hereby file the Declaration of Wright, Lindsey & Jennings LLP (the "***OCP***"), a copy of which is attached hereto as **Exhibit A**.

     **PLEASE TAKE FURTHER NOTICE** that, in accordance with the procedures set forth in the OCP Order, any objections to the Declaration must be filed and served on or before **May 7, 2024 at 4:00 p.m. (ET)**.  If no timely objection is filed and served, the Debtors shall be authorized to retain the OCP on a final basis without further order of the Court.

[*Signature page follows*]

---

1     The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

2     All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the OCP Order.

31578567.1

Dated: April 23, 2024

*/s/ Rebecca L. Lamb*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **LATHAM & WATKINS LLP** |
| Michael R. Nestor (No. 3526) | George A. Davis (admitted *pro hac vice*) |
| Kara Hammond Coyle (No. 4410) | Alexandra M. Zablocki (admitted *pro hac vice*) |
| Shane M. Reil (No. 6195) | 1271 Avenue of the Americas |
| Rebecca L. Lamb (No. 7223) | New York, NY 10020 |
| Rodney Square | Telephone:  (212) 906-1200 |
| 1000 North King Street | Email:  george.davis@lw.com |
| Wilmington, DE 19801 |           alexandra.zablocki@lw.com |
| Telephone:  (302) 571-6600 | |
| Email:  mnestor@ycst.com | Ted A. Dillman (admitted *pro hac vice*) |
|           kcoyle@ycst.com | Nicholas J. Messana (admitted *pro hac vice*) |
|           sreil@ycst.com | 355 South Grand Avenue, Suite 100 |
|           rlamb@ycst.com | Los Angeles, CA 90071 |
| | Telephone:  (213) 485-1234 |
| | Email:  ted.dillman@lw.com |
| |           nicholas.messana@lw.com |
| | |
| | Ebba Gebisa (admitted *pro hac vice*) |
| | 330 North Wabash Avenue, Suite 2800 |
| | Chicago, IL 27017 |
| | Telephone:  (312) 876-7700 |
| | Email:  ebba.gebisa@lw.com |

*Counsel for Debtors and Debtors-in-Possession*

31578567.1

## EXHIBIT A

**Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*, | Case No. 24-10418 (CTG) |
| Debtors.[1] | (Jointly Administered) |
|  | **Related Dkt. No.:** \_\_\_\_ |

## DECLARATION IN SUPPORT OF ORDINARY COURSE RETENTION

I, Lance R. Miller, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney with Wright, Lindsey and Jennings law firm located at 200 W. Capitol Ave. Suite 2300 Little Rock AR (the "*Firm*").

2. The debtors in possession (collectively, "*Debtors*") in the above-captioned chapter 11 cases (these "*Chapter 11 Cases*") have requested that the Firm provide legal services to the Debtors related to certain litigation pending in the US District Court for the Eastern District of Arkansas, and the Firm has consented to provide such legal services. The litigation is related to the Debtors' location in Little Rock and involves a dispute between the landlord and the Debtors as a tenant.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these Chapter 11 Cases for persons that are parties in interest in these Chapter 11 Cases. The Firm, however, does not perform services

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

31578558.1

for any such person in connection with these Chapter 11 Cases, or have any relationships with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

5. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in these Chapter 11 Cases improper. Further, the Firm does not have any connection with the Office of the United States Trustee of the District of Delaware (the "***U.S. Trustee***") or any persons employed by the U.S. Trustee.

6. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than the principal and regular employees of the Firm.

7. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "***Interested Parties List***") from counsel to the Debtors, which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the Chapter 11 Cases (collectively, the "***Interested Parties***"). Based on the Firm's review of the Interested Parties List, the Firm does not perform services for any of the Interested Parties related to the Chapter 11 Cases, or have any relationship with such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

8. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. As of the petition date, the Debtors owed the Firm $1,191 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code. That amount was inadvertently paid on March 26, 2024 and the Firm has agreed to hold and/or apply the funds as instructed by the Debtor.

10. As of the Petition Date, the Firm held a prepetition retainer in the amount of $ 0.00.

11. As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

12. The Firm has read this Court's *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, and (II) Granting Related Relief* and related procedures and understands the limitation on compensation and reimbursement of expenses. Specifically, the Firm understands that in the event it exceeds the applicable OCP Cap, the Firm will be required to file with the Court a fee application for the amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable order of the Court.

13. The Firm may conduct further inquiries regarding its retention by any creditors of the Debtors related to these Chapter 11 Cases, and upon conclusion of that inquiry, or at any time during the period of its employment in these Chapter 11 Cases, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained herein.

14. To clarify, this firm does represent certain parties in interest in matters pending in Arkansas, but those matters are unrelated to these Chapter 11 Cases.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL:  LMILLER@WLJ.COM
>
>
> By: */s/ Lance R. Miller*
>     Lance R. Miller (85109)
>
> Date: April 23, 2024