**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| JOANN INC., *et al.*, | : | Case No. 24-10418 (CTG) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | **Related Dkt. No.: 226** |
| | : | |
| | : | **Objection Deadline: May 16, 2024 at 4:00 p.m. (ET)** |

---

**NOTICE OF FILING OF DECLARATION OF ORDINARY COURSE**
**PROFESSIONAL KRUGLIAK, WILKINS, GRIFFITHS & DOUGHERTY CO., L.P.A.**

**PLEASE TAKE NOTICE** that, on April 12, 2024, the Court entered the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 226] (the "***OCP Order***").[2] The OCP Order provides that each ordinary course professional shall file with the Court a Declaration prior to the receipt of payment of fees and reimbursement of expenses incurred for postpetition services rendered to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the procedures set forth in the OCP Order, the Debtors hereby file the Declaration of Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A. (the "***OCP***"), a copy of which is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the procedures set forth in the OCP Order, any objections to the Declaration must be filed and served on or before **May 16, 2024 at 4:00 p.m. (ET)**. If no timely objection is filed and served, the Debtors shall be authorized to retain the OCP on a final basis without further order of the Court.

[*Signature page follows*]

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the OCP Order.

31611962.1

Dated: May 2, 2024

*/s/ Rebecca L. Lamb*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **LATHAM & WATKINS LLP** |
| Michael R. Nestor (No. 3526) | George A. Davis (admitted *pro hac vice*) |
| Kara Hammond Coyle (No. 4410) | Alexandra M. Zablocki (admitted *pro hac vice*) |
| Shane M. Reil (No. 6195) | 1271 Avenue of the Americas |
| Rebecca L. Lamb (No. 7223) | New York, NY 10020 |
| Rodney Square | Telephone: (212) 906-1200 |
| 1000 North King Street | Email: george.davis@lw.com |
| Wilmington, DE 19801 | alexandra.zablocki@lw.com |
| Telephone: (302) 571-6600 | |
| Email: mnestor@ycst.com | Ted A. Dillman (admitted *pro hac vice*) |
| kcoyle@ycst.com | Nicholas J. Messana (admitted *pro hac vice*) |
| sreil@ycst.com | 355 South Grand Avenue, Suite 100 |
| rlamb@ycst.com | Los Angeles, CA 90071 |
| | Telephone: (213) 485-1234 |
| | Email: ted.dillman@lw.com |
| | nicholas.messana@lw.com |
| | |
| | Ebba Gebisa (admitted *pro hac vice*) |
| | 330 North Wabash Avenue, Suite 2800 |
| | Chicago, IL 27017 |
| | Telephone: (312) 876-7700 |
| | Email: ebba.gebisa@lw.com |

*Counsel for Debtors and Debtors-in-Possession*

## **EXHIBIT A**

**Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
JOANN INC., *et al.*, : Case No. 24-10418 (CTG)
: 
Debtors.[1] : (Jointly Administered)
: 
: **Related Dkt. No.:** \_\_\_\_
------------------------------------------------------------ x

### <u>DECLARATION IN SUPPORT OF ORDINARY COURSE RETENTION</u>

I, Terry J. Evans, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney for and Director of Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., located at 4775 Munson St. NW, Canton, OH 44718 (the "*Firm*").

2. The debtors in possession (collectively, "*Debtors*") in the above-captioned chapter 11 cases (these "*Chapter 11 Cases*") have requested that the Firm provide legal services to the Debtors, including, but not limited to, consultation related to commercial leasing matters and negotiation of lease documents and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these Chapter 11 Cases for persons that are parties in interest in these Chapter 11 Cases. The Firm, however, to the best of my knowledge, does not currently perform services for any such person in connection with these

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

Chapter 11 Cases, or have any relationships with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

5. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in these Chapter 11 Cases improper. Further, to the best of my knowledge, the Firm does not have any connection with the Office of the United States Trustee of the District of Delaware (the "*U.S. Trustee*") or any persons employed by the U.S. Trustee.

6. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than the principal and regular employees of the Firm.

7. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "*Interested Parties List*") from counsel to the Debtors, which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the Chapter 11 Cases (collectively, the "*Interested Parties*"). Based on the Firm's review of the Interested Parties List, the Firm does not perform services for any of the Interested Parties that related to the Chapter 11 Cases, or have any relationship with such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

8. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. The Debtors owe the Firm $71,792.12 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

10. As of the Petition Date, the Firm held a prepetition retainer in the amount of $ 0.00.

11. As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

12. The Firm has read this Court's *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, and (II) Granting Related Relief* and related procedures and understands the limitation on compensation and reimbursement of expenses. Specifically, the Firm understands that in the event it exceeds the applicable OCP Cap, the Firm will be required to file with the Court a fee application for the amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable order of the Court.

13. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment in these Chapter 11 Cases, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained herein.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*[Signature page follows]*

Dated: __May 2__, 2024                        By: _____
                                                TERRY J. EVANS
                                                DIRECTOR
                                                KRUGLIAK, WILKINS, GRIFFITHS &
                                                DOUGHERTY CO., L.P.A.

4

4867-4535-7242, v. 1