IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| JOANN INC., *et al.*, | : | Case No. 24-10418 (CTG) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING MONTHLY OPERATING REPORT FOR THE PERIOD OF MARCH 18, 2024 THROUGH APRIL 6, 2024[2]

On March 18, 2024 (the "**Petition Date**"), the debtors in possession in the above-captioned cases (each, a "**Debtor**," and collectively, the "**Debtors**") filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"), together with the prepackaged Plan. The Chapter 11 Cases are being jointly administered for procedural purposes only under the lead case *In re JOANN Inc., et al.*, Case No. 24-10418 (CTG) (Bankr. D. Del.).

On April 25, 2024, the Court entered the Combined Order [Docket No. 303], confirming the Plan and authorizing the Debtors to consummate their restructuring. On April 30, the Effective Date of the Plan occurred, and the Debtors emerged from chapter 11. [*See* Docket No. 318.]

The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases and the Plan, is set forth in detail in the *Declaration of Scott Sekella, Chief Financial Officer and Executive Vice President, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**"), which is fully incorporated herein by reference. Additional information about the Chapter 11 Cases, court filings, and claims information is available at the website maintained by the Debtors' claims and noticing agent: https://cases.ra.kroll.com/JOANN.

The Debtors have prepared and filed the attached monthly operating report and the exhibits thereto (the "**MOR**") for the period including March 18, 2024 through April 6, 2024 (the "**Reporting Period**") with the assistance of their advisors solely for the purpose of complying with the monthly operating requirements applicable in the Debtors' Chapter 11 Cases and the instructions provided by

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Prepackaged Joint Plan of Reorganization of JOANN Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 15] (as may be amended, modified, or supplemented, the "**Plan**").

1

the Office of the United Trustee for the District of Delaware. The financial information contained herein is limited in scope, covers a limited time period, and is presented on a preliminary and unaudited basis. As such, the MOR has not been subject to procedures that would typically be applied to financial statements prepared in accordance with accounting principles generally accepted in the United States of America ("**U.S. GAAP**") and does not include all of the information and footnotes required by U.S. GAAP. Upon the application of such procedures, the financial information could be subject to changes, which could be material.

The Debtors historically prepared consolidated quarterly and annual financial statements that were audited annually. The last full year SEC-filed audit was for fiscal year 2023. Solely to comply with their obligations to provide MORs during these Chapter 11 Cases, the Debtors have prepared this MOR using the best information presently available to them, which has been collected, maintained, and prepared in accordance with their historical accounting practices. The MOR generally reflects operations and financial position of the Debtors on a non-consolidated basis, in a form not maintained by the Debtors in the ordinary course of their business and is not intended to fully reconcile to the consolidated financial statements prepared by the Debtors. Accordingly, the amounts listed in the MOR will likely differ, at times materially, from the historical consolidated financial reports. Because the Debtors' accounting systems, policies, and practices were developed to produce consolidated financial statements, rather than financial statements by legal entity, it is possible that not all assets, liabilities, income, or expenses have been recorded on the correct legal entity.

The results of operations and financial position contained herein are not necessarily indicative of results that may be expected for any period other than the Reporting Period and may not necessarily reflect the Debtors' future consolidated results of operations and financial position. Unless otherwise noted herein, the MOR generally reflects the Debtors' books and records and financial activity occurring during the Reporting Period. Except as may be otherwise noted, no adjustments have been made for activity occurring after the close of the Reporting Period.

The MOR should not be relied upon by any persons for information relating to current or future financial condition, events, or performance of any of the Debtors or their affiliates, as the results of operations contained herein are not necessarily indicative of results which may be expected from any other period or for the full year, and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future. The MOR presents the Debtors' best estimates for the Reporting Period, but there can be no assurance that such information is complete, and the MOR may be subject to material revision. These notes, statements, and limitations should be referred to, and referenced in connection with, any review of the MOR, of which they comprise an integral and material part.

## RESERVATION OF RIGHTS

The information furnished in this MOR includes normal recurring adjustments but does not include all of the adjustments that typically would be made for interim financial statements presented in accordance with GAAP. Although the Debtors made commercially reasonable efforts to ensure the accuracy and completeness of the MOR, inadvertent errors or omissions may exist. Accordingly, the Debtors hereby reserve all rights to dispute the validity, status, enforceability, or executory nature of any claim amount, agreement, representation, or other statement set forth in this MOR. Further, the Debtors reserve the right to amend or supplement this MOR in all respects, if necessary or appropriate, but undertake no obligation to do so. Nothing contained in this MOR shall constitute a

waiver or any of the Debtors' rights or an admission with respect to their Chapter 11 Cases or otherwise.

For the reasons discussed above, there can be no assurance that the consolidated financial information presented herein is complete, and readers are cautioned not to rely on the MOR for any reason.

The financial statements of the Debtors' non-debtor affiliates have not been included in the MOR. Unless otherwise indicated, all amounts in the MOR are reflected in U.S. dollars.

## SUPPORTING DOCUMENTATION AND CERTAIN ADJUSTMENTS, LIMITATIONS, METHODOLOGY, AND DISCLAIMERS

While the Debtors do not restate the above notes and reservations or rights in their entirety here, such notes and reservations apply to the entire MOR and each individual response or other item included in the MOR. In addition to such notes and reservations, the Debtors offer the following explanatory notes.

**Debtors' Full-Time Employees.** While the Debtors may have experienced changes to their workforce between the Petition Date and the end of the Reporting Period, any such changes would be minor, and the Debtors have reported the number of full-time employees for each applicable Debtor as of the Petition Date.

**Statement of Cash Receipts and Disbursements.** Reported cash receipts and disbursements exclude intercompany and debtor-to-debtor transactions, as provided in the instructions to the MOR. As a result, for those debtors with net intercompany cash outflows or inflows during the reporting period, the ending cash balances reported on Part 1 of the MOR may not match the ending cash balances per the Debtors' bank statements or the Debtors' books and records.

Reorganization Expenses for Debtor Jo-Ann Stores, LLC primarily reflects a gain on debt discharge related to the Debtors' prepetition Term Loans.

In addition, the escrow transfers for the weekly Debtor professional fee estimates under the final order authorizing and approving the Debtors' postpetition credit facility [Docket No. 224] are not included as those funds will remain in the escrow account until each respective professional's fee applications are approved. When funds are transferred out of the escrow account, such disbursements will be included as cash disbursements. For additional information on ending cash balances per the Debtors' books and records, see the attached cash balances in the Statement of Cash Receipts and Disbursements.

**Balance Sheet.** As noted above, the Debtors have historically prepared financial statements on a consolidated basis, and it is on this basis that the Debtors continue to prepare and report financials in the ordinary course of their business. This MOR is prepared on an entity-by-entity basis. To prepare a balance sheet for each Debtor solely for the purpose of complying with the monthly operating requirements applicable in the Debtors' Chapter 11 Cases and the instructions provided by the Office of the United Trustee, the Debtors made certain adjustments to their consolidating balance sheets, including but not limited to netting or reconciling certain intercompany balances, adjusting cash balances to remove negative balances, and associating certain assets and liabilities with the reasonably appropriate Debtor entity even in certain cases where such assets and liabilities were

associated with another entity in the Debtors' consolidating trial balances.

**Statement of Operations.** As noted above, the Debtors have historically prepared financial statements on a consolidated basis, and it is on this basis that the Debtors continue to prepare and report financials in the ordinary course of their business. This MOR is prepared on an entity-by-entity basis. To prepare an income statement for each Debtor solely for the purpose of complying with the monthly operating requirements applicable in the Debtors' Chapter 11 Cases and the instructions provided by the Office of the United Trustee, the Debtors made certain adjustments to their consolidating profits and loss statements, including but not limited to prorating financial figures for the reporting period (with the exception of figures for reorganization costs and for Debtor Needle Holdings LLC, 100 percent of which are postpetition amounts and are included in the Reporting Period without proration). In addition, all e-commerce sales are attributed to Debtor joann.com, LLC, and so selling, general, and administrative expenses for Debtor joann.com, LLC have been prorated based on such Debtor's proportion of sales.

**Part 1.  Cash Receipts and Disbursements.**

- Total receipts (net of transfers between accounts). Line b for Debtor Jo-Ann Stores, LLC includes approximately $94 million of proceeds from the Debtors' postpetition credit facility.

- Disbursements made by third party for the benefit of the estate. The Debtors maintain and operate a centralized cash management system, under which all bank accounts are maintained by Debtors JOANN Inc. and Jo-Ann Stores, LLC. In the ordinary course of their business, the Debtors that maintain the Debtors' cash management bank accounts may make payments on behalf of other Debtors, creating intercompany balances in the Debtors' accounting system.[3] Such intercompany transactions have been excluded from line e, and any related disbursements to third parties will be reflected in the total disbursements for the applicable Debtor.

**Part 2.  Asset and Liability Status.**

- Postpetition payables (excluding taxes). The Debtors have made commercially reasonable efforts to determine pre- and postpetition payables by Debtor entity for purposes of the MOR. Because, as noted above, the Debtors have historically prepared financial statements on a consolidated basis, and it is on this basis that the Debtors continue to prepare and report financials in the ordinary course of their business, certain estimates and prorations were used to determine the amounts of postpetition payables to include for each Debtor entity in line f.

- Postpetition financing as a component of postpetition payables and total postpetition debt. Line f (and, accordingly, line j) on Debtor Needle Holdings LLC's MOR includes the full balance of the Debtors' postpetition credit facility.[4]

---

[3] Such intercompany transactions are described in more detail in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (B) Maintain Existing Deposit Practices, and (C) Perform Intercompany Transactions, (II) Waiving Certain U.S. Trustee Guidelines, and (III) Granting Related Relief* [Docket No. 8].

[4] The Debtors' postpetition credit facility is described in more detail in the final order authorizing and approving such financing [Docket 224].

- Prepetition secured debt. Line k for Debtor Jo-Ann Stores LLC is comprised of the approximate amounts outstanding under the Debtors' ABL Facility, FILO Facility, and Term Loans (each as defined in the Plan).

- Prepetition priority debt. The Debtors have not historically and do not now maintain records of any claims entitled to priority under the Bankruptcy Code; accordingly, line l is reported as zero.

- Prepetition unsecured debt and total liabilities (debt). The Debtors have made commercially reasonable efforts to determine pre- and postpetition payables by Debtor entity for purposes of the MOR. Because, as noted above, the Debtors have historically prepared financial statements on a consolidated basis, and it is on this basis that the Debtors continue to prepare and report financials in the ordinary course of their business, certain estimates and prorations were used to determine the amounts of prepetition payables to include for each Debtor entity in line m. More specifically, line m reflects all prepetition liabilities on the Debtors' respective balance sheets *less* the prepetition secured debt set forth in line k. Accordingly, line n reflects all prepetition balance-sheet liabilities for the respective Debtor.

**Part 6. Postpetition Taxes.**

- Postpetition taxes paid. During the Reporting Period, the Debtors remitted payments for certain taxes in the ordinary course of business, which payments included certain amounts on account of prepetition taxes authorized to be paid under the order granting the Debtors' first-day motion to pay certain prepetition taxes [Docket No. 216]. The paid amounts set forth on line b, line d, line e, and line g include postpetition payments made on account of such prepetition taxes as well as postpetition taxes.

- Postpetition employer payroll taxes accrued. The Debtors remitted payroll tax payments in connection with regularly scheduled employee payroll on April 11, 2024. The accrued and unpaid payroll tax set forth on line d is comprised of two weeks' payroll tax for Debtor Jo-Ann Stores, LLC, and nine days' payroll tax for Debtors Creativebug, LLC, and Jo-Ann Stores Support Center, Inc.

- Postpetition other taxes accrued and postpetition other taxes paid. The amounts set forth in line f and line g are limited to tax payments and do not include payment of business license and similar fees.

**Part 7. Questionnaire.**

- Question a. In accordance with relief granted by the Court on certain of the Debtors' first-day motions, the Debtors have made certain payments on account of prepetition claims. Further details regarding the relief requested, the relief granted, and the payments projected to be made by the Debtors is set forth in the applicable first day motions and orders.[5]

---

[5] *See, e.g.*, *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Prepetition Trade Claims in the Ordinary Course of Business and (II) Granting Related Relief* [Docket 4]; *Final Order (I) Authorizing the Debtors to Pay Prepetition Trade Claims in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 215].

- Question g.  In connection with the Debtors' commencement of the Chapter 11 Cases, the Debtors requested authorization or and approval of postpetition financing under the Debtors' DIP-to-exit credit facility, which authorization and approval was granted by the Court by final order dated April 12, 2024 [Docket No. 224].

**JOANN Inc.**
*Balance Sheet*
*As of 4/6/2024*

| | Jo-Ann Stores, LLC | Jo-Ann Stores Support Center, Inc. | joann.com, LLC | Creativebug, LLC | JOANN Inc. | JAS Aviation, LLC | JOANN Ditto Holdings Inc. | WeaveUp, Inc. | Creative Tech Solutions LLC | Needle Holdings LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Cash | $ 69,907,281.87 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Accounts Receivable | 504,675 | 140,974 | 7,412 | 240,766 | - | - | 1,594,604 | 12,398 | - | - |
| Prepaid Expenses | 18,060,435 | 3,178,623 | (66,157) | 491,895 | - | - | - | 0 | - | - |
| Inventory | 511,635,207 | - | 127,347 | (20) | - | - | - | - | - | - |
| Fixed Assets | 847,847,868 | 54,150,228 | 4,644,242 | 148,906 | - | - | 6,476 | 318,298 | - | - |
| Accumulated Depreciation | (646,612,455) | (28,121,604) | (4,536,610) | (124,612) | - | - | - | (241,307) | - | - |
| Intercompany Assets | - | 273,028,898 | 78,512,035 | - | 28,505,933 | - | - | - | - | 94,762,500 |
| Other Assets | 922,945,692 | 24,579,639 | 12,988 | 6,741,979 | - | - | 741,243 | 117,342 | - | - |
| Accounts Payable | (174,352,866) | (11,315,468) | (6,777,608) | (2,050,898) | - | - | - | (153,258) | - | - |
| Accrued Income Taxes | 45,687,696 | (31,463,412) | (3,444,867) | (517,893) | - | - | (791,447) | 1,054,567 | 269,789 | 3,531,977 |
| Accrued Liabilities | (75,141,498) | (18,316,565) | (12,530,879) | - | (139,752) | - | - | - | - | (114,494,211) |
| Deferred Income Taxes | (40,880,304) | 27,655,800 | (298,702) | (274,473) | - | - | 661,462 | 1,040,264 | 433,415 | - |
| Other Long-Term Liabilities | (1,210,036,467) | (22,493,214) | (165,452) | (58,530) | - | - | - | 1 | - | - |
| Intercompany Liabilities | (450,675,773) | - | - | (2,008,019) | - | (357,928) | (9,661,079) | (8,944,561) | (3,108,683) | - |
| Liabilities Subject to Compromise | (658,125,000) | - | - | - | - | - | - | - | - | - |
| Shareholders' Equity | 790,634,137 | (265,501,528) | (54,644,933) | (2,401,451) | (28,366,182) | 357,928 | 7,474,497 | 6,565,552 | 2,405,479 | - |
| Sales | (307,592,084) | - | (17,126,124) | (743,282) | - | - | (32,674) | (8,117) | - | - |
| Cost of Goods Sold | 152,949,152 | - | 13,165,168 | 82,126 | - | - | - | 65 | - | - |
| Selling, General & Admin. Exp | 196,220,163 | (3,612,253) | 3,829,952 | 472,918 | - | - | 1,304 | 289,053 | - | - |
| Other Income/Expense | 1,139,046 | (751,385) | 13,042 | - | - | - | - | - | - | - |
| Reorganization Expenses | (3,335,665) | - | - | - | - | - | - | - | - | 19,237,500 |
| Interest Expense | 19,817,164 | (2,362,755) | (903,740) | (40,325) | - | - | - | - | - | 494,211 |
| Income Tax Provision | $ (10,596,402) | $ 1,204,024 | $ 182,885 | $ 40,914 | $ - | $ - | $ 5,615 | $ (50,299) | $ - | $ (3,531,977) |

**JOANN Inc.**
Statement of Operations (Profit or Loss Statement)
*As of 4/6/2024*

| | Jo-Ann Stores, LLC | Jo-Ann Stores Support Center, Inc. | joann.com, LLC | Creativebug, LLC | JOANN Inc. | JAS Aviation, LLC | JOANN Ditto Holdings Inc. | WeaveUp, Inc. | Creative Tech Solutions LLC | Needle Holdings LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Sales | $ (88,511,588.55) | $ (28,626,602.00) | $ (14,523,703.10) | $ (236,673.58) | $ - | $ - | $ (9,335.43) | $ (357.14) | $ - | $ - |
| Cost of Goods Sold | 46,419,260.11 | - | 7,966,344.24 | 26,257.77 | - | - | - | - | - | - |
| Selling, General & Admin. Exp | 50,102,310.98 | 27,759,699.44 | 8,221,195.68 | 140,738.81 | - | - | 745.21 | 72,471.13 | - | - |
| Other Income/Expense | 349,306.79 | (248,297.34) | 4,056.25 | - | - | - | - | - | - | - |
| Reorganization Expenses | (3,335,665.47) | - | - | - | - | - | - | - | - | 19,237,500.00 |
| Interest Expense | 5,411,913.93 | (734,157.08) | (228,971.17) | (10,660.41) | - | - | - | - | - | 494,210.67 |
| Income Tax Provision | (2,413,777.14) | 331,034.86 | 32,355.43 | 14,380.57 | - | - | 1,537.71 | (12,908.57) | - | (3,531,977.00) |
| **Total** | **$ 8,021,760.66** | **$ (1,518,322.13)** | **$ 1,471,277.32** | **$ (65,956.83)** | **$ -** | **$ -** | **$ (7,052.51)** | **$ 59,205.42** | **$ -** | **$ 16,199,733.67** |

**JOANN Inc.**
*Statement of Cash Receipts and Disbursements*
*As of 4/6/2024*

| | Jo-Ann Stores, LLC | Jo-Ann Stores Support Center, Inc. | joann.com, LLC | Creativebug, LLC | JOANN Inc. | JAS Aviation, LLC | JOANN Ditto Holdings Inc. | WeaveUp, Inc. | Creative Tech Solutions LLC | Needle Holdings LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Cash Balance Beginning | 18,338,657 | - | - | - | - | - | - | - | - | - |
| Receipts | 215,113,500 | - | - | - | - | - | - | - | - | - |
| Disbursements | (163,544,875) | - | - | - | - | - | - | - | - | - |
| Net Cash Flow | 51,568,625 | - | - | - | - | - | - | - | - | - |
| **Cash Balance Ending** | **69,907,282** | - | - | - | - | - | - | - | - | - |