**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------- x
                                          :   Chapter 11
In re:                                    :
                                          :   Case No. 24-10418 (CTG)
JOANN INC., et al.,                       :
                                          :   (Jointly Administered)
        Debtors.¹                         :
                                          :   Hearing Date: June 5, 2024 at 10:00 a.m. (ET)
                                          :   Obj. Deadline: May 28, 2024 at 4:00 p.m. (ET)
----------------------------------------- x
```

**MOTION OF REORGANIZED DEBTORS FOR ENTRY OF A
FINAL DECREE AND ORDER CLOSING EACH OF THE SUBSIDIARY DEBTORS'
CHAPTER 11 CASES**

The reorganized debtors in the above-captioned cases (collectively, the "***Reorganized Debtors***") hereby move (this "***Motion***") and respectfully state as follows:

**RELIEF REQUESTED**

1.  By this Motion, the Reorganized Debtors seek entry of a final decree and order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Final Decree***"), closing the following Chapter 11 Cases (as defined below) of the subsidiary debtors (collectively, the "***Subsidiary Cases***"):

| Subsidiary Cases | Case No. |
|---|---|
| NEEDLE HOLDINGS LLC | 24-10419 (CTG) |
| JO-ANN STORES, LLC | 24-10420 (CTG) |
| CREATIVE TECH SOLUTIONS LLC | 24-10421 (CTG) |
| CREATIVEBUG, LLC | 24-10422 (CTG) |
| WEAVEUP, INC. | 24-10423 (CTG) |

---

[1] The Debtors in these cases, together with the last four digits of each reorganized Debtor's taxpayer identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

| **Subsidiary Cases** | **Case No.** |
|---|---|
| JAS AVIATION, LLC | 24-10424 (CTG) |
| JOANN.COM, LLC | 24-10425 (CTG) |
| JOANN DITTO HOLDINGS INC. | 24-10426 (CTG) |
| JO-ANN STORES SUPPORT CENTER, INC. | 24-10427 (CTG) |

2. The Chapter 11 Case of JOANN Inc. ("***Reorganized Parent***"), *In re: JOANN INC.*, Case No. 24-10418 (CTG) (the "***Lead Case***"), will remain open to allow the Reorganized Parent to, among other things, administer final fee applications.

3. Therefore, by this Motion, the Reorganized Debtors further seek that the Proposed Final Decree (a) provide that, after entry of the Proposed Final Decree, any pending or future matters regarding the Reorganized Debtors shall be addressed in the Lead Case; (b) waive certain reporting requirements; and (c) amend the caption of the Lead Case.

4. The Reorganized Debtors propose that the new caption of the Lead Case read as follows:

```
------------------------------------------------------ x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
JOANN INC.,                                            :   Case No. 24-10418 (CTG)
                                                       :
        Reorganized Debtor.¹                           :
                                                       :
------------------------------------------------------ x
```

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN, Inc. (5540). The Reorganized Debtor's mailing address is 5555 Darrow Road, Hudson, OH 44236. In addition to JOANN, Inc., the "***Reorganized Debtors***" include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Needle Holdings LLC (3814) (Case No. 24-10419); Jo-Ann Stores, LLC (0629) (Case No. 24-10420); Creative Tech Solutions LLC (6734) (Case No. 24-10421); Creativebug, LLC (3208) (Case No. 24-10422); WeaveUp, Inc. (5633) (Case No. 24-10423); JAS Aviation, LLC (9570) (Case No. 24-10424); joann.com, LLC (1594) (Case No. 24-10425); JOANN Ditto Holdings Inc. (9652) (Case No. 24-10426); and Jo-Ann Stores Support Center, Inc. (5027) (Case No. 24-10427). All motions, contested matters, and adversary proceedings (if any) that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

**JURISDICTION AND VENUE**

5.      The United States Bankruptcy Court for the District of Delaware (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue of the Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

7.      The statutory and legal predicates for the relief requested herein are section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 3022-1.

**BACKGROUND**

8.      On March 18, 2024 (the "***Petition Date***"), the Debtors filed voluntary petitions in the Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").  The Debtors continued to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested and no committee has been appointed in the Chapter 11 Cases.

9.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Scott Sekella, Chief Financial Officer and Executive Vice*

*President, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

10. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

11. On March 16, 2024, prior to commencing the Chapter 11 Cases, the Debtors solicited votes on the *Prepackaged Joint Plan of Reorganization of JOANN Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. 15, as amended at Docket No. 288] (including all exhibits, schedules, appendices, and supplements thereto, and as amended, modified, or supplemented from time to time, the "**Plan**")[2] through their disclosure statement related to the Plan [Docket No. 16] (the "**Disclosure Statement**"). The Plan was accepted by each of the classes entitled to vote in excess of the thresholds specified in section 1126(c) of the Bankruptcy Code.

12. On April 25, 2024, the Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the First Amended Prepackaged Joint Plan of Reorganization of JOANN Inc. and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. 303] (the "**Confirmation Order**") confirming the Plan and approving the Disclosure Statement. The effective date of the Plan occurred on April 30, 2024. *See* Docket No. 318.

## BASIS FOR RELIEF

13. As of the date hereof, the Subsidiary Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Plan, as applicable.

administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Local Rule 3022-1 further provides that "upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

14. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. In determining whether an estate has been fully administered for final decree purposes, courts frequently have considered the following non-exclusive factors set forth in the advisory committee's note to Bankruptcy Rule 3022:[3]

    i. whether the order confirming the plan has become final;

    ii. whether deposits required by the plan have been distributed;

    iii. whether the property proposed by the plan to be transferred has been transferred;

    iv. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    v. whether payments under the plan have commenced; and

    vi. whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See* Fed. R. Bankr. P. 3022 advisory committee note (1991 amend.).

---

[3] Courts in and outside of this district have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *See In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396 at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh factors contained in Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

15. Application of these factors to the instant facts demonstrates that the Subsidiary Cases have been "fully administered," as evidenced by the following:

    i. the Confirmation Order has become final and is non-appealable;

    ii. the Debtors have emerged from chapter 11 as Reorganized Debtors;

    iii. all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

    iv. the Reorganized Debtors have assumed the management of the business and property dealt with by the Plan;

    v. all anticipated motions, contested matters, and adversary proceedings (if any) in the Subsidiary Cases have been or will be resolved at or before the hearing on this Motion, or can be administered under the Lead Case without affecting any parties' substantive rights under the Plan;

    vi. all proofs of claim filed in the Subsidiary Cases have been or will be satisfied, resolved, or withdrawn in accordance with the Plan;

    vii. all of the transactions contemplated by the Plan closed on the Effective Date; and

    viii. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

16. While the allowance and payment of certain claims may still be pending as of the date hereof, the Reorganized Debtors submit that such claims will be resolved outside of these Subsidiary Cases in the ordinary course of business in accordance with applicable non-bankruptcy law and the Plan. Indeed, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022 advisory committee note (1991 amend.). Furthermore, as set forth in the Proposed Final Decree, the entry of a final decree closing the Subsidiary Cases is without prejudice to the rights of the Reorganized Debtors, creditors, or any other party in interest to petition the Court to reopen any of the Subsidiary Cases pursuant to section 350(b) of the Bankruptcy Code.

17. Finally, upon the filing of a further motion to close the Lead Case, the Reorganized Parent intends to file a final report with respect to all of the Chapter 11 Cases (including the Subsidiary Cases) pursuant to Local Rule 3022-1(c).  Accordingly, the Reorganized Debtors do not intend to file a final report in connection with this Motion and respectfully request that the Court waive any requirement to file such a report in connection with the closing of the Subsidiary Cases.

18. The Reorganized Debtors believe that it is appropriate to waive the requirement of filing a final report under Local Rule 3022-1(c). The administration of assets and liabilities will occur in the Lead Case in accordance with the provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Lead Case.  Consequently, filing a final report for each of the Subsidiary Cases at this time would not be helpful to the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), creditors, or other parties in interest.

19. For the reasons set forth above, the Reorganized Debtors submit that there is ample justification for entry of the Proposed Final Decree with respect to the Subsidiary Cases.

## **NOTICE**

20. Notice of the Motion will be given to:  (a) the U.S. Trustee; (b) counsel to the DIP Agent; (c) counsel to the Ad Hoc Group; (d) counsel to the Term Loan Agent; (e) counsel to the Prepetition ABL Agent; (f) counsel to the FILO Term Loan Agent; (g) counsel to the Consenting Stockholder Parties; (h) the creditors listed on the Reorganized Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (i) each counsel to the Additional Financing Parties; (j) the United States Attorney for the District of Delaware; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the state attorneys general for states in which the Reorganized Debtors conduct business; and (n) any party that has requested notice

pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, under the circumstances, no other or further notice is required.

21. A copy of the Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by the Reorganized Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("***Kroll***"), at https://cases.ra.kroll.com/JOANN.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Reorganized Debtors respectfully request that the Court enter the Proposed Final Decree granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 14, 2024

*/s/ Shane M. Reil*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **LATHAM & WATKINS LLP** |
| Michael R. Nestor (No. 3526) | George A. Davis (admitted *pro hac vice*) |
| Kara Hammond Coyle (No. 4410) | Alexandra M. Zablocki (admitted *pro hac vice*) |
| Shane M. Reil (No. 6195) | 1271 Avenue of the Americas |
| Rebecca L. Lamb (No. 7223) | New York, NY 10020 |
| Rodney Square | Telephone:  (212) 906-1200 |
| 1000 North King Street | Email:   george.davis@lw.com |
| Wilmington, DE 19801 |            alexandra.zablocki@lw.com |
| Telephone:  (302) 571-6600 | |
| Email:   mnestor@ycst.com | Ted A. Dillman (admitted *pro hac vice*) |
|          kcoyle@ycst.com | Nicholas J. Messana (admitted *pro hac vice*) |
|          sreil@ycst.com | 355 South Grand Avenue, Suite 100 |
|          rlamb@ycst.com | Los Angeles, CA 90071 |
| | Telephone:  (213) 485-1234 |
| | Email:   ted.dillman@lw.com |
| |          nicholas.messana@lw.com |
| | |
| | Ebba Gebisa (admitted *pro hac vice*) |
| | 330 North Wabash Avenue, Suite 2800 |
| | Chicago, IL 27017 |
| | Telephone:  (312) 876-7700 |
| | Email:   ebba.gebisa@lw.com |

*Counsel for the Reorganized Debtors*