**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
JOANN INC.,                                             :   Case No. 24-10418 (CTG)
                                                        :
      Reorganized Debtor.¹                              :   Hearing Date: June 28, 2024 at 3:00 p.m. (ET)
                                                        :   Obj. Deadline: June 20, 2024 at 4:00 p.m. (ET)
------------------------------------------------------- x
```

**FIRST AND FINAL FEE APPLICATION OF DELOITTE TAX LLP FOR COMPENSATION FOR SERVICES RENDERED AS TAX SERVICES PROVIDER TO THE DEBTORS FOR THE PERIOD FROM MARCH 18, 2024 THROUGH APRIL 30, 2024**

| | |
|---|---|
| Name of Applicant: | Deloitte Tax LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 15, 2024, effective as of March 18, 2024 |
| Period for which compensation and reimbursement is sought: | March 18, 2024 through April 30, 2024 |
| Amount of Compensation Requested: | $80,006.50 |
| Amount of Expense Reimbursement Requested: | $0.00 |
| Total Amount Requested: | $80,006.50 |

This is a(n):  __Monthly    __Interim   _X_ Final Application

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN, Inc. (5540). The Reorganized Debtor's mailing address is 5555 Darrow Road, Hudson, OH 44236. In addition to JOANN, Inc., the "*Reorganized Debtors*" include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Needle Holdings LLC (3814) (Case No. 24-10419); Jo-Ann Stores, LLC (0629) (Case No. 24-10420); Creative Tech Solutions LLC (6734) (Case No. 24-10421); Creativebug, LLC (3208) (Case No. 24-10422); WeaveUp, Inc. (5633) (Case No. 24-10423); JAS Aviation, LLC (9570) (Case No. 24-10424); joann.com, LLC (1594) (Case No. 24-10425); JOANN Ditto Holdings Inc. (9652) (Case No. 24-10426); and Jo-Ann Stores Support Center, Inc. (5027) (Case No. 24-10427). All motions, contested matters, and adversary proceedings (if any) that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

## PRIOR MONTHLY FEE APPLICATIONS FILED

| Date Filed / Docket # | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |
| **TOTAL** | | $ - | $ - | $ - | $ - |

## CUMULATIVE TIME SUMMARY BY PROFESSIONAL
For the Period March 18, 2024 through April 30, 2024

| Professional | Level | Rate | Hours | Fees |
|---|---|---|---|---|
| ***Firm Retention*** | | | | |
| Krozek, Derek | Partner/Prinicpal | $620.00 | 1.1 | $682.00 |
| **Professional Subtotal:** | | | **1.1** | **$682.00** |

| Professional | Level | Rate | Hours | Fees |
|---|---|---|---|---|
| ***Tax Restructuring Services*** | | | | |
| Cooper, Matt | Managing Director | $620.00 | 3.6 | $2,232.00 |
| Forrest, Jonathan | Partner/Principal | $620.00 | 5.5 | $3,410.00 |
| Krozek, Derek | Managing Director | $620.00 | 59.0 | $36,580.00 |
| Markota, Aubrey | Managing Director | $620.00 | 0.8 | $496.00 |
| Paszt, Laura | Partner/Principal | $620.00 | 2.4 | $1,488.00 |
| Penico, Victor | Managing Director | $620.00 | 2.8 | $1,736.00 |
| Sullivan, Brian | Managing Director | $620.00 | 0.8 | $496.00 |
| Abney, Teresa | Senior Manager | $555.00 | 1.6 | $888.00 |
| Butler, Mike | Senior Manager | $555.00 | 8.4 | $4,662.00 |
| Corrigan, Kevin | Senior Manager | $555.00 | 5.8 | $3,219.00 |
| Luo, Dagong | Senior Manager | $555.00 | 7.1 | $3,940.50 |
| Hybl, Claire | Manager | $470.00 | 2.3 | $1,081.00 |
| Kirpas, Joe | Manager | $470.00 | 29.5 | $13,865.00 |
| Rickstrew, Katie | Manager | $470.00 | 0.4 | $188.00 |
| Long, Ashley | Senior Consultant | $390.00 | 11.8 | $4,602.00 |
| Diaz, José | Consultant | $315.00 | 1.4 | $441.00 |
| **Professional Subtotal:** | | | **143.2** | **$79,324.50** |
| **Total** | | **Blended Hourly Rate: $554.45** | **144.3** | **$80,006.50** |

## CUMULATIVE FEES BY CATEGORY SUMMARY
For the Period March 18, 2024 through April 30, 2024

| Categories | Hours | Fees |
|---|---:|---:|
| Firm Retention | 1.1 | $682.00 |
| Tax Restructuring Services | 143.2 | $79,324.50 |
| **Fees Category Subtotal :** | **144.3** | **$80,006.50** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
In re:                                                    :  Chapter 11
:
JOANN INC.,                                               :  Case No. 24-10418 (CTG)
:
          Reorganized Debtor.[2]                       :  Hearing Date: June 28, 2024 at 3:00 p.m. (ET)
:  Obj. Deadline: June 20, 2024 at 4:00 p.m. (ET)
---------------------------------------------------------- x

**FIRST AND FINAL FEE APPLICATION OF DELOITTE TAX LLP FOR COMPENSATION FOR SERVICES RENDERED AS TAX SERVICES PROVIDER TO THE DEBTORS**
**FOR THE PERIOD FROM MARCH 18, 2024 THROUGH APRIL 30, 2024**

Deloitte Tax LLP ("Deloitte Tax" or the "Applicant"), tax services provider to JoAnn Inc., and its affiliated debtor entities as debtors and debtors-in-possession (collectively, the "Debtors") in these chapter 11 cases, hereby seeks final allowance and payment of compensation pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Bankruptcy Rules of Bankruptcy Court for the District of Delaware (the "Local Rules"), for the period commenting March 18, 2024 through April 30, 2024 (the "Final Application Period"). In support of this final fee application (the "Final Fee Application"), Deloitte Tax respectfully represents as follows:

---

[2] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN, Inc. (5540). The Reorganized Debtor's mailing address is 5555 Darrow Road, Hudson, OH 44236. In addition to JOANN, Inc., the "*Reorganized Debtors*" include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Needle Holdings LLC (3814) (Case No. 24-10419); Jo-Ann Stores, LLC (0629) (Case No. 24-10420); Creative Tech Solutions LLC (6734) (Case No. 24-10421); Creativebug, LLC (3208) (Case No. 24-10422); WeaveUp, Inc. (5633) (Case No. 24-10423); JAS Aviation, LLC (9570) (Case No. 24-10424); joann.com, LLC (1594) (Case No. 24-10425); JOANN Ditto Holdings Inc. (9652) (Case No. 24-10426); and Jo-Ann Stores Support Center, Inc. (5027) (Case No. 24-10427). All motions, contested matters, and adversary proceedings (if any) that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

4

**JURISDICTION**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**STATUTORY BASIS**

2.      The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) rule 2016 of the Bankruptcy Rules; and (iii) rule 2016-2 of the Local Rules.

**BACKGROUND**

3.      On March 18, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On March 18, 2024, the Debtors filed their Prepackaged Joint Plan of Reorganization and the Disclosure Statement related thereto.

5.      On April 25, 2024, the Bankruptcy Court entered an Order [D.I. 303] (the "Combined Order") confirming the *First Amended Prepackaged Joint Plan of Reorganization of Joann Inc. and its Debtor Affiliates Under Chapter of the Bankruptcy Code* [D.I. 288].

6.      On April 30, 2024, the effective date of the Prepackaged Joint Plan of Reorganization occurred [D.I. 318].

## RETENTION OF DELOITTE TAX

7. On March 27, 2024, the Debtors filed the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Deloitte Tax LLP, as Tax Services Provider, Pursuant Sections 327(a) and 328 of the Bankruptcy Code, (II) Waiving Certain Information Requirements Imposed by Local Rule 2016-2, and (III) Granting Related Relief* [D.I. 153] (the "Retention Application").

8. On April 15, 2024, the Court entered an order approving the Retention Application [D.I. 244] (the "Retention Order").

## RELIEF REQUESTED

9. By this Final Fee Application, Deloitte Tax respectfully requests final allowance of $80,006.50, which represents as 100% compensation for professional services rendered to the Debtors during the Final Application Period. Deloitte Tax did not incur any expenses. Deloitte Tax submits this Fee Application in accordance with the Retention Order. All services for which Deloitte Tax requests compensation were performed for the Debtors.

## BASIS FOR RELIEF

10. This is the first and final fee application filed by Deloitte Tax in these cases. In connection with the professional services rendered, by this Final Fee Application, Deloitte Tax seeks compensation in the amount of $80,006.50. The Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors. These records are maintained in the ordinary course of the Applicant's business. A detailed statement of hours spent rendering professional services to the Debtors in support of Deloitte Tax's request for compensation for fees incurred during the Application Period is attached hereto as Exhibit A.

Exhibit A: (i) identifies the professionals and paraprofessionals that rendered services in each project category; and (ii) describes each service such professional or paraprofessional performed.

11.     No agreement or understanding exists between Deloitte Tax and any nonaffiliated or unrelated person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases.

## DESCRIPTION OF SERVICES RENDERED

12.     Deloitte Tax provides below an overview of the services it rendered as tax services provider to the Debtors during the Final Application Period. Detailed descriptions of these services, the amount of fees incurred, and the amount of hours spent providing services throughout the Final Application Period are also provided in the attached Exhibits.

**Tax Restructuring Services:**

**Hours 143.2, Amount $79,324.50**

- Deloitte Tax analyzed the Debtors post-restructuring or post-bankruptcy tax attributes (tax basis in assets, tax basis in subsidiary stock, and net operating loss carryovers) available under the applicable tax regulations and the reduction of such attributes based on the Debtors' operating projections, including a technical analysis of the effects of Treasury Regulation Section 1.1502-28 and the interplay with IRC sections 108 and 1017;

- Deloitte Tax analyzed the effects of tax rules under IRC section 382 pertaining to the post-bankruptcy net operating loss carryovers and limitations on their utilization;

- Deloitte advised the Debtors with the preparation of tax modeling to assess the U.S. federal income tax implications of liquidating, disposing of assets, merging or converting entities as part of multiple proposed restructuring alternatives, including the effects on federal and state tax attributes, state incentives, apportionment and other tax planning; and

7

- Deloitte Tax advised the Debtors on the allocation of net operating losses among members of the consolidated group, interest expense disallowance and carryforward provisions and the company's tax attribute profile post-emergence from bankruptcy.

**<u>Firm Retention:</u>**

**Hours 1.1, Amount $682.00**

- Deloitte Tax reviewed Deloitte Tax's retention documents, including its declaration in support of its retention.

<u>**ALOWANCE OF COMPENSATION**</u>

13.    Because of the benefits realized by the Debtors, the nature of services provided, the amount of work done, the time consumed and the skill required, Deloitte Tax requests that it be allowed, on a final basis, compensation for the professional services rendered during the Final Application Period in the sum of $80,006.50.

14.    During the Final Application Period, allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $554.45.

15.    Deloitte Tax respectfully submits that the professional services rendered by Deloitte Tax on behalf of the Debtors during the Application Period were reasonable, necessary and appropriate to the administration of these chapter 11 cases and related matters.

<u>**DELOITTE TAX'S REQUESTED FEES SHOULD BE ALLOWED BY THIS COURT**</u>

16.    Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 sets forth the criteria for the award of compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

- (a) the time spent on such services; the rates charged for such services;
- (b) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
- (c) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
- (d) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
- (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

17. In the instant case, Deloitte Tax respectfully submits that the services for which it seeks compensation in this Final Application Period were necessary for and beneficial to the Debtors and were performed economically, effectively, and efficiently. Deloitte Tax further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors. Further, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code. Accordingly, the approval of the compensation sought herein is warranted.

## CERTIFICATE OF COMPLIANCE AND WAIVER

18. The undersigned representative of Deloitte Tax certifies that Deloitte Tax has reviewed the requirements of rule 2016-2 of the Local Rules and that the Final Fee Application substantially complies with that Local Rule. To the extent that the Final Fee Application does not comply in all respects with the requirements of Local Rule 2016-2, Deloitte Tax believes that such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, Deloitte Tax respectfully requests that the Court enter an order: (i) granting final allowance of compensation for professional services rendered to the Debtors by Deloitte Tax during for the Final Application Period in the amount $80,006.50, for compensation for professional services rendered during the Final Application Period; (ii) authorizing and directing the Debtors to pay all such amounts to Deloitte Tax; and (iii) granting such other and relief as may be just and proper.

Dated: May 30, 2024
      Cleveland, Ohio

                                Respectfully submitted,

                                DELOITTE TAX LLP

                                /s/ Laura Paszt
                                Laura Paszt
                                Partner
                                127 Public Sq Ste 3300
                                Cleveland, OH  44114
                                Telephone:  216.589.5405
                                Facsimile:  216.774.3421