# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                     :

In re:                                     :   Chapter 11

JOANN INC.,                        :   Case No. 24-10418 (CTG)

         Reorganized Debtor.[1]    :   **Hearing Date: June 28, 2024 at 3:00 p.m. (ET)**
                                     :   **Obj. Deadline: June 20, 2024 at 4:00 p.m. (ET)**
------------------------------------------------------------ x

**SUMMARY OF FIRST AND FINAL FEE APPLICATION
OF KROLL RESTRUCTURING ADMINISTRATION LLC,
ADMINISTRATIVE ADVISOR TO THE DEBTORS, FOR COMPENSATION
FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE
<u>FINAL PERIOD FROM MARCH 18, 2024 THROUGH APRIL 30, 2024</u>**

| | |
|---|---|
| Name of Applicant: | Kroll Restructuring Administration LLC ("**Kroll**") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 12, 2024 effective as of March 18, 2024 |
| Period for which compensation and reimbursement is sought: | March 18, 2024 through April 30, 2024 (the "**Final Fee Period**") |

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN, Inc. (5540). The Reorganized Debtor's mailing address is 5555 Darrow Road, Hudson, OH 44236. In addition to JOANN, Inc., the "*Reorganized Debtors*" include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Needle Holdings LLC (3814) (Case No. 24-10419); Jo-Ann Stores, LLC (0629) (Case No. 24-10420); Creative Tech Solutions LLC (6734) (Case No. 24-10421); Creativebug, LLC (3208) (Case No. 24-10422); WeaveUp, Inc. (5633) (Case No. 24-10423); JAS Aviation, LLC (9570) (Case No. 24-10424); joann.com, LLC (1594) (Case No. 24-10425); JOANN Ditto Holdings Inc. (9652) (Case No. 24-10426); and Jo-Ann Stores Support Center, Inc. (5027) (Case No. 24-10427). All motions, contested matters, and adversary proceedings (if any) that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

Amount of compensation sought as
actual, reasonable and necessary for
the Final Fee Period:                                    $87,622.25

Amount of expense reimbursement sought
as actual, reasonable and necessary for
the Final Fee Period:                                    $0.00

Total compensation and expense
reimbursement sought as actual,
reasonable and necessary for
the Final Fee Period:                                    $87,622.25

**Total amount to be paid at this time:**        **$87,622.25**

This is a: _____ monthly __X__ final application.

## Prior Applications

This is a first and final fee application.

### Summary of Hours Billed by Kroll Employees During the Final Fee Period

| Kroll Employee | Position of the Applicant | Total Hours | Hourly Rate | Total Fees Requested |
|---|---|---|---|---|
| Archbell, Tiffany | Director of Solicitation | 0.80 | $250.00 | $200.00 |
| Johnson, Craig | Director of Solicitation | 12.00 | $250.00 | $3,000.00 |
| Lonergan, Senan L | Director of Solicitation | 53.10 | $250.00 | $13,275.00 |
| Orchowski, Alex T | Director of Solicitation | 16.70 | $250.00 | $4,175.00 |
| Sharp, David | Director of Solicitation | 9.20 | $250.00 | $2,300.00 |
| Labissiere, Pierre L | Director | 1.00 | $245.00 | $245.00 |
| Adbul Hakeem, Shakir | Solicitation Consultant | 5.40 | $225.00 | $1,215.00 |
| Brodeur, Sarah | Solicitation Consultant | 10.40 | $225.00 | $2,340.00 |
| Brown, Mark M | Solicitation Consultant | 6.40 | $225.00 | $1,440.00 |
| Crowell, Messiah L | Solicitation Consultant | 68.10 | $225.00 | $15,322.50 |
| DePalma, Greg R | Solicitation Consultant | 2.60 | $225.00 | $585.00 |
| Lewenson, Justin | Solicitation Consultant | 11.70 | $225.00 | $2,632.50 |
| Scully, Nickesha C | Solicitation Consultant | 1.20 | $225.00 | $270.00 |
| Steinberg, Zachary | Solicitation Consultant | 8.00 | $225.00 | $1,800.00 |
| Taatjes, Hayden S | Solicitation Consultant | 87.50 | $225.00 | $19,687.50 |
| Ziffer, Jordan | Solicitation Consultant | 33.50 | $225.00 | $7,537.50 |
| Khan, Areej | Senior Consultant | 4.00 | $195.00 | $780.00 |
| Quinn, Tim R | Senior Consultant | 0.80 | $195.00 | $156.00 |
| Floyd, Tiffany M | Consultant | 15.90 | $180.00 | $2,862.00 |
| Lim, Rachel | Consultant | 0.60 | $180.00 | $108.00 |
| Pagan, Chanel C | Consultant | 22.20 | $180.00 | $3,996.00 |
| Richards, Kira K | Consultant | 2.80 | $180.00 | $504.00 |
| Gorina, Anastasia | Consultant | 2.50 | $175.00 | $437.50 |

| | | | | |
|---|---|---|---|---|
| Mishra, Anju | Consultant | 3.30 | $175.00 | $577.50 |
| Shaikh, Khairunnisa | Consultant | 1.70 | $175.00 | $297.50 |
| Tawde, Medhavi | Consultant | 4.90 | $175.00 | $857.50 |
| Ahmad, Nabeela | Consultant | 11.70 | $160.00 | $1,872.00 |
| Bote, Mayur | Consultant | 3.00 | $160.00 | $480.00 |
| Gogde, Mansi | Consultant | 3.80 | $160.00 | $608.00 |
| Howell, Gabriela | Consultant | 8.50 | $160.00 | $1,360.00 |
| Jain, Shikhar | Consultant | 0.50 | $160.00 | $80.00 |
| Kar, Monika | Consultant | 6.10 | $160.00 | $976.00 |
| Markesinis, Ioannis N | Consultant | 6.10 | $160.00 | $976.00 |
| Melton, Adrienne A | Consultant | 14.60 | $160.00 | $2,336.00 |
| More, Namrata | Consultant | 5.20 | $160.00 | $832.00 |
| Spiegel, Jason | Consultant | 2.70 | $160.00 | $432.00 |
| Velandy, Theertha | Consultant | 1.50 | $160.00 | $240.00 |
| Capers, Andrea | Consultant | 10.40 | $145.00 | $1,508.00 |
| Norris, Steven A | Consultant | 5.00 | $145.00 | $725.00 |
| Roach, Raven | Consultant | 10.50 | $145.00 | $1,522.50 |
| Pierce, Adrian J | Consultant | 2.90 | $95.00 | $275.50 |
| Adams, Errol C | Consultant | 2.50 | $85.00 | $212.50 |
| Capers, Andrea | Consultant | 5.10 | $85.00 | $433.50 |
| Gonzalez-Davila, Jonathan Alexis | Consultant | 6.60 | $85.00 | $561.00 |
| Molina, Jamie | Consultant | 11.00 | $85.00 | $935.00 |
| Nunez, Michael | Consultant | 1.40 | $85.00 | $119.00 |
| | **Total:** | **505.40** | | **$103,085.00**[2] |
| | **Blended Rate** | | **$203.97** | |

**Summary of Fees Billed by Subject Matter During the Final Fee Period**

| Matter Description | Total Hours | Total Fees Requested |
|---|---|---|
| Ballots | 252.60 | $44,370.50 |
| Call Center / Credit Inquiry | 53.70 | $12,287.50 |
| Corporate Actions | 55.50 | $12,992.50 |
| Disbursements | 42.50 | $10,347.50 |
| Solicitation | 101.10 | $23,087.00 |
| **TOTAL** | **505.40** | **$103,085.00**[3] |

**Description of Necessary Expenses Incurred During the Final Fee Period**

| Expense Description | Total |
|---|---|
| N/A | $0.00 |
| **Total** | **$0.00** |

---

[2, 3] This amount has been discounted to $87,622.25 in accordance with the terms of Kroll's retention. Taking into account this discount, the blended hourly rate is $173.37.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re:                                      :    Chapter 11
:
JOANN INC.,                                 :    Case No. 24-10418 (CTG)
:
      Reorganized Debtor.[1]      :    Hearing Date: June 28, 2024 at 3:00 p.m. (ET)
:    Obj. Deadline: June 20, 2024 at 4:00 p.m. (ET)
:
------------------------------------------------------------ x

**FIRST AND FINAL FEE APPLICATION OF KROLL RESTRUCTURING ADMINISTRATION LLC, ADMINISTRATIVE ADVISOR TO THE DEBTORS, FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE FINAL PERIOD FROM MARCH 18, 2024 THROUGH APRIL 30, 2024**

Kroll Restructuring Administration LLC ("**Kroll**"), administrative advisor to JOANN Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), files this first and final fee application (the "**Application**"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), and the *First Amended Prepackaged Joint Plan of Reorganization of Joann Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code*

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN, Inc. (5540). The Reorganized Debtor's mailing address is 5555 Darrow Road, Hudson, OH 44236. In addition to JOANN, Inc., the "*Reorganized Debtors*" include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Needle Holdings LLC (3814) (Case No. 24-10419); Jo-Ann Stores, LLC (0629) (Case No. 24-10420); Creative Tech Solutions LLC (6734) (Case No. 24-10421); Creativebug, LLC (3208) (Case No. 24-10422); WeaveUp, Inc. (5633) (Case No. 24-10423); JAS Aviation, LLC (9570) (Case No. 24-10424); joann.com, LLC (1594) (Case No. 24-10425); JOANN Ditto Holdings Inc. (9652) (Case No. 24-10426); and Jo-Ann Stores Support Center, Inc. (5027) (Case No. 24-10427). All motions, contested matters, and adversary proceedings (if any) that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

[Docket No. 288] (as may be further amended, modified, or supplemented in accordance with its terms, the "**Plan**") for payment of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses incurred in connection with such services for March 18, 2024 through April 30, 2024 (the "**Final Fee Period**"). In support of the Application, Kroll respectfully represents as follows:

### Preliminary Statement

1. On March 19, 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order Authorizing Retention and Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent* [Docket No. 112] (the "**Claims and Noticing Agent Order**"), which authorized the Debtors to retain Kroll as the claims and noticing agent in the Debtors' chapter 11 cases. Pursuant to the *Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Effective as of the Petition Date* [Docket No. 222] (the "**Administrative Advisor Order**"), the Court authorized the Debtors to retain Kroll as administrative advisor in these chapter 11 cases, effective as of the Petition Date (as defined below).

2. On April 25, 2024, the Court entered its *Order (I) Approving the Disclosure Statement and (II) Confirming the First Amended Prepackaged Joint Plan of Reorganization of Joann Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 303], which, among other things, confirmed the Plan. Pursuant to the *Notice of (I) Occurrence of Effective Date and (II) Entry of Order (A) Approving the Disclosure Statement and (B) Confirming the First Amended Prepackaged Joint Plan of Reorganization of Joann Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 318], the Plan became effective on April 30, 2024.

3. By this Final Application, Kroll seeks final approval, allowance and payment of fees in the aggregate amount of $87,622.25 for the Final Fee Period and reimbursement of expenses in the aggregate amount of $0.00 for the Final Fee Period.

4. During the Final Fee Period, Kroll worked on, among other things, processing incoming ballots, preparing for Plan distributions, responding to creditor inquires in connection with solicitation of the Plan, coordinating the equity registration event, preparing the voting declaration, and participating in the confirmation hearing.

## Jurisdiction

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-2.

## Background

8. On March 18, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been requested and no committee has been appointed in the chapter 11 cases.

**Relief Requested**

9. During the Final Fee Period, Kroll professionals billed a total of 505.40 hours. By this Final Application, Kroll requests final allowance and approval of a grand total of $87,622.25 for the Final Fee Period as follows: (a) final allowance and approval of aggregate fees in the amount of $87,622.25 on account of reasonable and necessary professional services rendered to the Debtors by Kroll; and (b) reimbursement of actual and necessary expenses in the aggregate amount of $0.00.

10. As this Application is Kroll's first application for compensation in these chapter 11 cases, Kroll has not received payment of any amounts sought herein. As a result, Kroll is seeking payment of the full amount being sought for allowance and approval hereby equal to an aggregate amount of $87,622.25.

**Compensation Sought and Paid and its Source**

11. All services for which compensation is requested herein by Kroll were performed for or on behalf of the Debtors. Kroll has neither sought nor received any payment or promises for payment from any source during the Final Fee Period in connection with the matters described in this Application. There is no agreement or understanding between Kroll and any other person, other than its affiliates, partners, managers, directors and employees, for sharing of the compensation to be received for services rendered to the Debtors in these chapter 11 cases.

12. In addition, as of the date of this Application, Kroll has not filed any monthly or interim fee applications, and accordingly, as described above, Kroll has not been paid any amounts owed in respect of any fees rendered during the Final Fee Period.

13. Lastly, the fees sought by this Application do not include any fees sought under the Claims and Noticing Agent Order. Procedures for payment of such fees or disbursements are separately addressed in the Claims and Noticing Agent Order. Additionally, no fees and

disbursements for services provided to the Debtors sought by this Final Application have been sought to be paid under the Claims and Noticing Agent Order.

**Summary of Professional Services Rendered**

14. The professional services that Kroll rendered during the Fee Period are grouped by subject matter and summarized as follows:

- Ballots

Fees: $44,370.50; Hours: 252.60

Ballots services provided included processing incoming ballots, including receiving, reviewing, and analyzing incoming ballots for timeliness and validity, inputting ballots into the voting database and auditing same, and providing technical support for processing of electronically filed ballots.

- Call Center / Credit Inquiry

Fees: $12,287.50; Hours: 53.70

Call Center / Credit Inquiry services provided included: (a) conferring and coordinating among the Kroll case team regarding responses to solicitation related inquiries and inquiries related to the various corporate action events; (b) responding to creditor and nominee inquiries regarding solicitation of the Debtors' Plan, including balloting, voting deadlines, and the opt-out release; (c) responding to creditor, nominee, and equity holder inquiries regarding the Debtors' term loan election event; and (d) performing quality assurance reviews of responses to solicitation and corporate action event related inquiries.

- Corporate Actions

Fees: $12,992.50; Hours: 55.50

Corporate Actions services provided included: (a) conferring and coordinating among the Kroll case team, Debtors' counsel, the Depository Trust Company ("**DTC**"), and other professionals regarding the equity registration event and the syndication of the Debtors' postpetition financing facility; (b) reviewing and analyzing materials to be used in the Debtors' equity registration event; (c) preparing a customized online portal for submission of subscription forms in connection with the equity registration event; and (d) preparing reports of rights offering and lender registration event participation results.

- Disbursements

Fees: $10,347.50; Hours: 42.50

Disbursements services provided included: (a) conferring and coordinating among the Kroll case team, Debtors' counsel, and other professionals regarding the Plan and distribution mechanics, including DTC eligibility of new Plan securities; (b) reviewing the solicitation documents in preparation for distributions; (c) coordinating with the DTC and other professionals regarding issuance of new securities in connection with emergence; (d) preparing instruction letters and distribution files in connection with emergence, and performing quality assurance reviews of same; and (e) executing various closing date items, including outgoing wires in connection with closing.

- Solicitation

Fees: $23,087.00; Hours: 101.10

Solicitation services provided included: (a) conferring, corresponding, and coordinating among the Kroll case team, Debtors' counsel, and the Debtors' other professionals

regarding solicitation and related mechanics; (b) reviewing and analyzing the solicitation materials and procedures to be implemented in solicitation; (c) updating the case website to provide for electronic balloting and performing quality assurance reviews relating to same; (d) processing incoming Plan release opt-out forms; (e) creating and formatting preliminary voting and opt-out results reports for circulation to case professionals; (f) preparing the voting declaration and performing quality assurance reviews of same; and (g) preparing for and participating in the confirmation hearing as the voting declarant.

15. Lastly, **Exhibit A** hereto: (a) identifies the individual that rendered services in each subject matter; (b) describes each activity or service that the individual performed; (c) states the number of hours (in increments of tenths of an hour) spent by the individual providing the services; and (d) as applicable, lists the amount and type of expenses incurred.

## Summary of Expenses Incurred

16. Kroll is not currently aware of any actual and necessary expenses incurred during the Final Fee Period in rendering the services described herein.

## Kroll's Requested Fees and Reimbursement of Expenses Should be Allowed by this Court

17. Section 330 of the Bankruptcy Code provides, in pertinent part, that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). In addition, Section 330 of the Bankruptcy Code sets forth the criteria for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (a)    the time spent on such services;

7

    (b)    the rates charged for such services;

    (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amounts requested herein by Kroll are fair and reasonable given (i) the complexity of these cases, (ii) the time expended, (iii) the rates charged for such services, (iv) the nature and extent of the services rendered, (v) the value of such services and (vi) the costs of comparable services other than in a case under this title.

19. Further, Kroll's hourly rates are set at a level designed to fairly compensate Kroll for the work of its professionals and to cover routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

<u>**Representations and Reservation of Rights**</u>

20. Kroll has prepared this Final Application in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Local Rules. To the best of Kroll's knowledge, this Final Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, Local Rule 2016-2, and the Plan.

21. Approval of the fees and expenses sought by this Final Application represent the total aggregate fees and expenses incurred by Kroll in rendering services under the Administrative Advisor Order during the Final Fee Period.

### Notice

22. Kroll has provided notice of this Final Application to all parties required to receive such notice under the Plan. In light of the nature of the relief requested herein, Kroll respectfully submits that no further notice is necessary.

### Conclusion

**WHEREFORE**, pursuant to the Plan, Kroll requests: (i) final allowance and approval of fees in the aggregate amount of $87,622.25 on account of reasonable and necessary professional services rendered to the Debtors by Kroll during the Final Fee Period; and (ii) reimbursement of actual and necessary costs and expenses in the aggregate amount of $0.00.

Dated: May 30, 2024
      New York, New York

                                     KROLL RESTRUCTURING ADMINISTRATION LLC

By:   */s/ Shira D. Weiner*
       Shira D. Weiner
       Gabriel Brunswick
       Kroll Restructuring Administration LLC
       55 East 52nd Street, 17th Floor
       New York, NY 10055
       Phone: (212) 257-5450
       shira.weiner@kroll.com
       gabriel.brunswick@kroll.com

       *Administrative Advisor to the Debtors*

**VERIFICATION**

STATE OF NEW YORK            )
                                                  )    SS:
COUNTY OF NEW YORK        )

I, Shira D. Weiner, after being duly sworn according to law, depose and say:

1. I am the General Counsel to Kroll Restructuring Administration LLC.

2. I am generally familiar with the work performed on behalf of the Debtors by Kroll professionals.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information, and belief.

4. I have reviewed the requirements of Local Rule 2016-2 of the United States Bankruptcy Court for the District of Delaware, and to the best of my knowledge, information and belief, the foregoing Application complies with such Local Rule.

_/s/ Shira Weiner_
Shira D. Weiner

SWORN TO AND SUBSCRIBED before me this 30th day of May, 2024.

/s/ GABRIEL BRUNSWICK
Notary Public, State of New York
No. 02BR6323242
Qualified in Kings County
Certificate Filed in New York County
Commission Expires Apr. 20, 2027