**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                                                          :

In re:                                                      :   Chapter 11

JOANN INC., *et al.*,                         :   Case No. 24-10418 (CTG)

         Reorganized Debtor.[1]        :   Hearing Date: July 9, 2024 at 3:00 p.m. (ET)
                                                      :   Obj. Deadline: July 1, 2024 at 4:00 p.m. (ET)
------------------------------------------------------------ x

**MOTION OF REORGANIZED DEBTOR FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE AND TERMINATING THE SERVICES OF THE COURT-APPOINTED CLAIMS AND NOTICING AGENT**

The reorganized debtor in the above-captioned case (the "***Reorganized Debtor***") hereby moves (this "***Motion***") and respectfully states as follows:

## RELIEF REQUESTED

1. By this Motion, the Reorganized Debtor seeks entry of a final decree and order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Final Decree***"), (a) closing this Chapter 11 Case (as defined below) (the "***Lead Case***") and (b) terminating the services of Kroll Restructuring Administration LLC ("***Kroll***") as claims and noticing agent.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN, Inc. (5540). The Reorganized Debtor's mailing address is 5555 Darrow Road, Hudson, OH 44236. In addition to JOANN, Inc., the "***Reorganized Debtors***" include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Needle Holdings LLC (3814) (Case No. 24-10419); Jo-Ann Stores, LLC (0629) (Case No. 24-10420); Creative Tech Solutions LLC (6734) (Case No. 24-10421); Creativebug, LLC (3208) (Case No. 24-10422); WeaveUp, Inc. (5633) (Case No. 24-10423); JAS Aviation, LLC (9570) (Case No. 24-10424); joann.com, LLC (1594) (Case No. 24-10425); JOANN Ditto Holdings Inc. (9652) (Case No. 24-10426); and Jo-Ann Stores Support Center, Inc. (5027) (Case No. 24-10427). All motions, contested matters, and adversary proceedings (if any) that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of this Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 3022-1.

**BACKGROUND**

5. On March 18, 2024 (the "***Petition Date***"), the Reorganized Debtors filed voluntary petitions in the Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***"). The Reorganized Debtors continued to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code until the closure of their respective Chapter 11 Cases, as applicable. No trustee or examiner was requested and no committee was appointed in the Chapter 11 Cases.

6. The factual background regarding the Reorganized Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the

Chapter 11 Cases, is set forth in detail in the *Declaration of Scott Sekella, Chief Financial Officer and Executive Vice President, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

7. On March 16, 2024, prior to commencing the Chapter 11 Cases, the Reorganized Debtors solicited votes on the *Prepackaged Joint Plan of Reorganization of JOANN Inc. and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. 15, as amended at Docket No. 288] (including all exhibits, schedules, appendices, and supplements thereto, and as amended, modified, or supplemented from time to time, the "**Plan**") through their disclosure statement related to the Plan [Docket No. 16] (the "**Disclosure Statement**").[2] The Plan was accepted by the classes entitled to vote in excess of the thresholds specified in section 1126(c) of the Bankruptcy Code.

8. On March 19, 2024, the Court entered an order [Docket No. 112] appointing Kroll as claims and noticing agent in the Chapter 11 Cases. Among other things, Kroll is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in the Chapter 11 Cases and (b) maintain official claims registers for each of the Reorganized Debtors.

9. On April 25, 2024, the Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the First Amended Prepackaged Joint Plan of Reorganization of JOANN Inc. and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. 303] (the "**Confirmation Order**") confirming the Plan and approving the Disclosure Statement. The Effective Date of the Plan occurred on April 30, 2024. *See* Docket No. 318.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Plan, as applicable.

3

10. On May 30, 2024, the Court entered the *Final Decree and Order Closing Each of the Subsidiary Debtors' Chapter 11 Cases* [Docket No. 364], closing all Chapter 11 Cases other than the Lead Case of JOANN Inc., amending the case caption, and authorizing all motions, notices and other pleadings related to any of the Reorganized Debtors to be filed, administered, and adjudicated in the Lead Case.[3]

**BASIS FOR RELIEF**

**I.    CLOSING OF CHAPTER 11 CASE**

11. As of the date hereof, the Lead Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Local Rule 3022-1 further provides that "upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

12. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. In determining whether an estate has been fully

---

[3] Each of the Reorganized Debtors' professionals also filed a final fee application (collectively, the "***Final Fee Applications***") [Docket Nos. 359, 365, 366, 367, 368, 369, 370]. The hearing to consider approval of the Final Fee Applications will be held on June 28, 2024 at 3:00 p.m. (ET). In accordance with Local Rule 3022-1(c), the Debtors will file a verified final report, describing the fees and expenses awarded to the retained professionals who rendered services during the pendency of the Chapter 11 Cases, as soon as practicable after the entry of an order approving the Final Fee Applications.

4

administered for final decree purposes, courts frequently have considered the following non-exclusive factors set forth in the advisory committee's note to Bankruptcy Rule 3022:[4]

    i. whether the order confirming the plan has become final;

    ii. whether deposits required by the plan have been distributed;

    iii. whether the property proposed by the plan to be transferred has been transferred;

    iv. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    v. whether payments under the plan have commenced; and

    vi. whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See* Fed. R. Bankr. P. 3022 advisory committee note (1991 amend.).

13. Application of these factors to the instant facts demonstrates the Lead Case has been "fully administered," as evidenced by the following:

    i. the Confirmation Order has become final and is non-appealable;

    ii. the Debtors have emerged from chapter 11 as Reorganized Debtors;

    iii. all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

    iv. the Reorganized Debtor has assumed the management of the business and property dealt with by the Plan;

    v. all anticipated motions, contested matters, and adversary proceedings in the Lead Case have been or will be resolved at or before the hearing on this Motion;

---

[4] Courts in and outside of this district have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *See In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396 at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh factors contained in Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

5

      vi.     all proofs of claim filed in the Chapter 11 Cases have been or will be satisfied, resolved, or withdrawn in accordance with the Plan;

      vii.    all of the transactions contemplated by the Plan closed on the Effective Date; and

      viii.   the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

14. While the allowance and payment of certain claims may still be pending as of the date hereof, the Reorganized Debtor submits that such claims will be resolved outside of this Lead Case in the ordinary course of business in accordance with applicable non-bankruptcy law and the Plan. Indeed, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022 advisory committee note (1991 amend.). Furthermore, as set forth in the Proposed Final Decree, the entry of a final decree closing the Lead Case is without prejudice to the rights of the Reorganized Debtors, creditors, or any other party in interest to petition the Court to reopen this Lead Case pursuant to section 350(b) of the Bankruptcy Code.

15. Finally, the Reorganized Debtor has paid all quarterly fees currently owing to the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") and will pay any remaining amounts within thirty (30) days following the closure of the Lead Case.

16. For the reasons set forth above, the Reorganized Debtor submits that there is ample justification for entry of a final decree closing the Lead Case.

## II. TERMINATION OF CLAIMS AND NOTICING AGENT

17. In addition to the foregoing, the Reorganized Debtor requests entry of an order terminating Kroll as claims and noticing agent in the Chapter 11 Cases. Upon termination, and except as otherwise provided herein, Kroll shall have no further obligations to the Court, the Reorganized Debtors, or any other party in interest as claims and noticing agent in the Chapter 11

Cases. Kroll may, but is not obligated to, continue to provide any other services that may be requested by the Reorganized Debtor.

18. In accordance with Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of the Proposed Final Decree, Kroll will (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list to CM/ECF, and (c) docket a final claims register in the case of Reorganized Debtor JOANN Inc. (Case No. 24-10418 (CTG)) containing the claims filed in the Chapter 11 Cases.

19. Should Kroll receive any mail regarding the Reorganized Debtors, Kroll will collect and forward such mail to the Reorganized Debtor as soon as is practicable.

20. The Reorganized Debtor submits that its request to terminate Kroll as claims and noticing agent complies with the Local Rules, and is otherwise appropriate under the circumstances and, therefore, should be approved.

## NOTICE

21. Notice of the Motion will be given to: (a) the U.S. Trustee; (b) counsel to the DIP Agent; (c) counsel to the Ad Hoc Group; (d) counsel to the Term Loan Agent; (e) counsel to the Prepetition ABL Agent; (f) counsel to the FILO Term Loan Agent; (g) counsel to the Consenting Stockholder Parties; (h) the creditors listed on the Reorganized Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (i) each counsel to the Additional Financing Parties; (j) the United States Attorney for the District of Delaware; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the state attorneys general for states in which the Reorganized Debtors conduct business; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtor submits that, under the circumstances, no other or further notice is required.

22. A copy of the Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by Kroll at https://cases.ra.kroll.com/JOANN.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter the Proposed Final Decree granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: June 17, 2024

*/s/ Rebecca L. Lamb*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Michael R. Nestor (No. 3526)<br>Kara Hammond Coyle (No. 4410)<br>Rebecca L. Lamb (No. 7223)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Email:  mnestor@ycst.com<br>            kcoyle@ycst.com<br>            rlamb@ycst.com | **LATHAM & WATKINS LLP**<br>George A. Davis (admitted *pro hac vice*)<br>Alexandra M. Zablocki (admitted *pro hac vice*)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email:  george.davis@lw.com<br>            alexandra.zablocki@lw.com<br><br>Ted A. Dillman (admitted *pro hac vice*)<br>Nicholas J. Messana (admitted *pro hac vice*)<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Email:  ted.dillman@lw.com<br>            nicholas.messana@lw.com<br><br>Ebba Gebisa (admitted *pro hac vice*)<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 27017<br>Telephone: (312) 876-7700<br>Email:  ebba.gebisa@lw.com |

*Counsel for the Reorganized Debtors*